United States District Court
Southern District of Texas
**ENTERED**
January 06, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT      SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Adam Contreras, § | |
|    Plaintiff, § | |
| § | |
| v. § | Civil Action H-22-3908 |
| § | Civil Action H-22-4031 |
| David Wilson, et al., § | |
|    Defendants. § | |

# Memorandum and Recommendation

    Adam Contreras has sued many defendants in these two cases, including the current and former Presidents of the United States, the long-deceased fourth President of the United States, the current Vice President of the United States, the current and former First Ladies of the United States, and the current Presidents of Russia and Ukraine. The court recommends that Contreras's cases be dismissed for lack of subject matter jurisdiction.

    Contreras's complaints are completely unintelligible, consisting largely of disjointed phrases and words. *See, e.g.*, Cause No. 4:22-cv-4031, ECF No. 1-1 (reciting a long list of meaningless names, words, and phrases). To the extent the court can understand Contreras's complaints, they are utterly frivolous. For example, Contreras alleges that certain people "located in [his] heart [a] Philips microchip," and then he requests "equipment," a "new vr headset," and "wireless spyware" apparently for the purpose of removing the microchip. Cause No. 4:22-cv-3908, ECF No. 1 at 4. He also requests, among many other things, worldwide free consultation for victims, and a public announcement on the news media that free removal of the microchips is available. *Id.* Contreras obviously does not explain how any of the people named could possibly be responsible for his injuries.

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal courts have an affirmative duty to examine *sua sponte* the basis for subject matter jurisdiction. *Union Planters Bank Nat. Assn. v. Salih*, 369 F.3d 457, 460 (5th Cir. 2004). When a plaintiff's claims are entirely frivolous, the district court lacks power to entertain them. *Atakapa Indian de Creole Nation v. State of Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019). "Some claims are 'so insubstantial, implausible, . . . or otherwise completely devoid of merit as not to involve a federal controversy." *Id.* (quoting *Oneida Indian Nation of N.Y. v. Oneida Cty.*, 414 U.S. 661, 666 (1974)). Thus, this court has no power to adjudicate a claim that is "wholly insubstantial and frivolous," that is, a claim that is "obviously without merit." *Atakapa*, 943 F.3d at 1006.

Contreras's claims are obviously without merit. Throughout his filings, Contreras makes nothing but impossible and delusional complaints. He has filed nothing more than a nonsensical jumble of words. This court lacks subject matter jurisdiction because Contreras's claims are completely devoid of merit and do not involve a federal controversy. The court recommends that this case be dismissed for lack of subject matter jurisdiction. Given the context of Contreras's filings, the court does not believe that amendment would be anything but futile and leave to amend is denied.

The parties have fourteen days from service of this memorandum and recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on January 6, 2023.

_____
Peter Bray
United States Magistrate Judge